CRAWFORD COUNTY STATE BANK, Appellee, v. MARY A. BUTLER· et al., Appellees; STELLA G. COLLIER et al., Appellants.

**APPEAL AND ERROR:** Perfecting Appeal—Notice—Necessary Parties.   An appeal by a cross-petitioner in mortgage foreclosure because of the denial of his plea to have title quieted in himself and against the mortgagor-defendant, cannot be maintained unless notice of the appeal is duly served on said mortgagor-defendant; and it is quite immaterial that the record indicates that said mortgagor-defendant was manifestly friendly to the plea of said cross-petitioner.   (See Book of Anno., Vol. 1, Sec. 12834.)

Headnote 1:   3 C. J. p. 1220.

*Appeal from Crawford District Court.*— F. C. DAVIDSON, Judge.

APRIL 6, 1926.

REHEARING DENIED JUNE 21, 1926.

SUIT in equity, to foreclose a real estate mortgage.   The mortgagor was the defendant Mary A. Butler.   Certain junior lien holders were made parties defendant also.   The defendants Stella G. Collier and Edward C. Butler were named as de-

fendants who made some claim of title to the mortgaged land adverse to the mortgagor and to the mortgagee. These two defendants filed cross-petitions praying to quiet their title to four ninths of the mortgaged land. Decree was entered for the plaintiff, establishing its mortgage lien as superior to those of all the defendants. The defendants Stella G. Collier and Edward C. Butler have appealed.—*Appeal dismissed.*

*George H. Mayne,* for appellants.

*L. W. Powers,* for plaintiff, appellee.

*Sims & Page,* for C. F. Kuehnle, C. L. Voss, Kuehnle & Voss, Arion State Bank, Sears McHenry, and L. M. Coon, appellees.

EVANS, J.—The appellee has filed a motion to dismiss the appeal, on the ground that notice thereof was not served upon the principal defendant, Mary A. Butler. This motion was submitted with the case, and calls for our first attention.

It appears from the record that the mortgaged land was formerly owned by Don J. Butler, who died on January 28, 1908, survived by his widow, Mary A. Butler, and by three children, two of whom are the appellants herein. After his death, his widow, Mary A. Butler, was in possession of a warranty deed of the land, duly executed by her husband. She put this deed on record in April following, and has been in possession of the land thereunder ever since. The two appellants, who are her children, challenge her title on the ground that the deed was never in fact delivered to her in the grantor's lifetime. On that ground they contend that they each own an undivided four ninths of such land. This is a sufficient statement to show that Mary A. Butler is, in a legal sense, interested adversely to her children as to the claim put forth by them, and that she is, therefore, a necessary party to this appeal.

We do not overlook that Mary A. Butler was the sole witness for the appellants in their attempted proof of their contention, and that her testimony was of such a friendly character as to indicate a willingness on her part that her children should prevail. She has in the meantime become in-

solvent, and this may account for her friendly attitude towards her children. However, this fact, if it be such, does not cure the defect of appellate jurisdiction. The appellants were not thereby relieved from the statutory requirement to serve notice of the appeal upon her, in order to confer upon this court jurisdiction over her. The appellants put her title in issue in the district court. It was unavoidable that the decree should quiet the title either in her or in the appellants. The decree below did confirm the title of Mary A. Butler, and dismissed the cross-petition of these appellants. To reverse that decree would be to quiet title in these appellants to four ninths of the mortgaged land, and to that extent to take the same away from Mary A. Butler. Manifestly, the appellants could have had no relief in the district court without making Mary A. Butler a party to their action. Her presence as a party in this court is just as necessary as it was in the district court. The title of plaintiff, as mortgagee, is equal to that of its mortgagor.

The motion to dismiss must, therefore, be sustained.—*Appeal dismissed.*

De Graff, C. J., and Albert and Morling, JJ., concur.